# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESEE
# SOUTHERN DIVISION

| | |
|---|---|
| **TH CHIRO, PLLC,**<br><br>        **Plaintiff,**<br><br>**JAGUAR LAND ROVER NORTH AMERICA, LLC,**<br><br>        **Defendant.** | Civil Action No. 1:20-cv-00156<br><br>(Removed from Hamilton County Chancery Court, Case No. 20-0305) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Jaguar Land Rover North America, LLC ("JLRNA") hereby invokes this Court's subject matter jurisdiction and removes the state court action described below from the Chancery Court of Hamilton County, Tennessee, Case No. 20-0305, to the United States District Court for the Eastern District of Tennessee, Southern Division. The basis for removal is as follows:

## STATEMENT OF JURISDICTION

1. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which therefore may be removed to this Court under 28 U.S.C. §§ 1441, 1446, and 1453, as discussed in more detail below.

## BASES FOR DIVERSITY AND REMOVAL

2. On May 7, 2020, TH Chiro, PLLC ("TH Chiro" or "Plaintiff"), individually and on behalf of all others similarly situated filed a lawsuit against JLRNA in the Chancery Court of Hamilton County, Tennessee, entitled: *TH CHIRO, PLLLC, Plaintiff, vs. Jaguar Land Rover North America, LLC, Defendant*, Case Number 20-0305.

**The Requirements of §§ 1441 and 1446 are Met**

3. The Chancery Court of Hamilton County, Tennessee is located within the Eastern District of Tennessee, Southern Division. 28 U.S.C. § 123(a). This Notice of Removal is therefore properly filed with this Court pursuant to 28 U.S.C. § 1441(a).

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon JLRNA, including the Complaint, are attached to this Notice of Removal as **Exhibit A**.

5. This Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b). On May 18, 2020, JLRNA's registered agent was served with the summons and Complaint. The date of this Notice of Removal, June 17, 2020, is within thirty days of receipt of the Complaint by this registered agent.

6. In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff and filed with the Clerk of the Chancery Court of Hamilton County, Tennessee, in the form of **Exhibit B**.

7. Pursuant to Local Rule 3.1, JLRNA attaches a completed Civil Cover Sheet (Form JS-44).

**This Court has Original Jurisdiction over this Action**

8. This Court has original jurisdiction because, as discussed further below, the parties are of diverse citizenship and the amount in controversy exceeds $75,000. In addition, this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005), codified at 28 U.S.C. § 1332(d).

9. **Diversity of Citizenship**. Plaintiff is a professional limited liability company with its principal place of business in Hamilton County, Tennessee. Compl. ¶ 2. On information and belief, the sole member of TH Chiro, Lance Silverman, is a citizen of the State

of Tennessee. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("The general rule is that all unincorporated entities . . . have the citizenship of each partner or member."); *see also Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) ("State citizenship for the purpose of the diversity requirement is equated with domicile."). Plaintiff alleges that Defendant JLRNA is a limited liability company with its principal place of business located in Mahwah, New Jersey. Compl. ¶ 3. The sole member of JLRNA is Jaguar Land Rover Limited, a private limited company incorporated under the laws of England and Wales with its principal place of business in Coventry, United Kingdom. Because neither JLRNA nor its sole member is a citizen of the State of Tennessee, diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a).

10. **Amount in Controversy**. Although JLRNA denies the claims alleged in Plaintiff's Complaint and further denies that Plaintiff is entitled to an award of damages, injunctive relief or any other type of relief, the relief sought by Plaintiff exceeds the $75,000 amount-in-controversy threshold under 28 U.S.C. § 1332(a) and the $5,000,000 amount-in-controversy threshold under CAFA, 28 U.S.C. § 1332(d).

    A.    Plaintiff seeks damages in the form of a refund of the purchase price it paid for a 2017 model year Land Rover Discovery vehicle. See Compl. ¶ 120(I). Plaintiff also requests that the amount of any damages be trebled. See id. ¶¶ 103, 120(N); see also Tenn. Code Ann. § 47-18-109(a)(3) (authorizing treble damages under the Tennessee Consumer Protection Act). The average manufacturer suggested retail price of a 2017 model year Land Rover Discovery, like the one Plaintiff purchased, is approximately $51,000.[1] Trebling this

---

[1] *See* Kelly Blue Book Official Guide, https://www.kbb.com/land-rover/discovery/2017/#:~:text=The%202017%205%2Dpassenger%20Land,just%20under%20%2451%2C000%2C%20including%20destination (last visited June 16, 2020).

amount—even after applying a credit to account for Plaintiff's use of the vehicle, see Compl. ¶ 120(I)—easily would exceed the $75,000 amount-in-controversy threshold under 28 U.S.C. § 1332(a).  See Rosen v. Chrysler Corp., 205 F.3d 918, 922 (6th Cir. 2000) (holding that "trebling" of statutory "damages alone potentially could exceed the . . . amount in controversy").  As a result, this amount-in-controversy is met.

        B.        Independently, the relief Plaintiff seeks on behalf of the putative class could easily exceed the amount-in-controversy threshold under CAFA. For this analysis, the relevant question is whether the claims of all the putative class members, in the aggregate, "exceed[] the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(6).  Enacted to expand federal diversity jurisdiction over purported class actions, the burden to invoke this statute is not meant to be onerous.  A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (explaining that a removing party need only "describ[e] how the controversy exceeds $5 million" and that this represents a "pleading requirement").

        C.        In this case, the Complaint seeks, among other things, "repurchase" or "refund" of "the purchase—after appropriate credit—of all class vehicles" that were supposedly damaged by what Plaintiff maintains is a "common" alleged defect.  Compl. ¶¶ 27, 39, 120(I). The Complaint defines the putative class as consisting of all owners and lessees of 2017 model year Land Rover Discovery vehicles nationwide.  *Id.* ¶ 49.

        D.        As set forth above, the average manufacturer suggested retail price of a 2017 model year Land Rover Discovery vehicle is approximately $51,000.[2]  Refunding the

---

[2] *See* Kelly Blue Book Official Guide, https://www.kbb.com/land-rover/discovery/2017/#:~:text=The%202017%205%2Dpassenger%20Land,just%20under%20%

purchase price of only 99 such vehicles would cause the amount in controversy to exceed $5,000,000.  In one month *alone*, approximately 845 model year 2017 Land Rover Discovery vehicles were sold in the United States.[3]  Refunding the purchase price of only these vehicles would cost approximately $43,095,000.  Extrapolating to months of sales, it is reasonable to infer that refunding the purchase price of all 2017 model year Land Rover Discovery vehicles that are supposedly affected by a common alleged defect would exceed the requisite $5,000,000 threshold.  *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015) ("CAFA's requirements are to be tested by consideration . . . using reasonable assumptions underlying the defendant's theory of damages exposure.").

        E.    On the other hand, there is no basis to infer that any "credit" for putative class members' use of the vehicles would materially alter this calculation.  Compl. ¶ 120(I).  Focusing again on a subset of the putative class, the 845 model year 2017 Land Rover Discovery vehicles sold in a single month would have to be worth today no more than $5,917.15 in order for the amount in controversy to fall below the $5 million threshold.  In other words, the use of these vehicles by a subset of the putative class, over the course of only 3 years, would have had to have caused the vehicles to lose approximately 88.4% of their value.  There is no basis to assume that such a devaluation has occurred.  One third party, for example, currently estimates the value of a "used 2017 Land Rover Discovery" at between "$22,504 to $32,042, based on vehicle condition, mileage, and options."[4]

---

2451%2C000%2C%20including%20destination (last visited June 16, 2020).

[3] *See* Jaguar Land Rover Reports US Sales for June 2017, https://media.jaguarlandrover.com/en-us/news/2017/07/jaguar-land-rover-reports-us-sales-june-2017 (last visited June 16, 2020).

[4] Edmunds, 2017 Land Rover Discovery Value, https://www.edmunds.com/land-rover/discovery/2017/appraisal-value/ (last visited June 16, 2020).

F. To be sure, Plaintiff's Complaint also alleges that the "total damages" shall amount to $3,000,000. Compl. ¶ 120(P). But this allegation fails to take into account the forms of relief other than damages that are issue in the Complaint—including attorneys' fees and injunctive relief. In addition, to the extent this allegation represents an "attempt to limit damages" at issue, it "is not dispositive when determining the amount in controversy[,]" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 591 (2013)—especially considering that Plaintiff admits that this amount is "subject to potential amendment" in the future. Compl. ¶ 120(P).

G. The additional relief Plaintiff seeks—*e.g.*, an injunction and attorneys' fees, *see* Compl. ¶ 120—only reinforces the conclusion that the amount-in-controversy requirements of both 28 U.S.C. § 1332(a) and CAFA are met here. *See Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 473 (6th Cir. 2019) ("[A] reasonable fee to compensate attorneys for their work must also be included in the calculation of the relevant amount in controversy in the litigation."). For example, to the extent that the injunctive relief sought by Plaintiff could be fashioned or enforced, both of which JLRNA contests, the cost of complying with such injunctive relief would be exorbitant. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (where the object of litigation is injunctive or other equitable relief, the "costs of compliance are properly considered in computing the amount in controversy"). At a minimum, the Complaint seeks injunctive relief:

   i. Requiring JLRNA to recall and repair the alleged defect in all 2017 model year Land Rover Discovery vehicles, Compl. ¶ 120(G);

   ii. Enjoining JLRNA from marking or distributing the allegedly defective vehicles, *id.* ¶ 120(K); and

iii. Requiring JLRNA to extend the warranties applicable to all 2017 model year Land Rover Discovery vehicles, *id.* ¶ 120(L).

H. In sum, the only reasonable inference is that the relief sought by (1) Plaintiff is in excess of the $75,000 jurisdictional threshold set by 28 U.S.C. § 1332(a) and (2) the putative class is, in the aggregate, in excess of the $5 million jurisdictional threshold set by 28 U.S.C. § 1332(d)(2).

11. In addition to the amount in controversy, CAFA's other requirements are satisfied. First, CAFA requires that the putative class's membership be no less than 100. *See* 28 U.S.C. § 1332(d)(5)(B). That is clearly satisfied here. Plaintiff brings this action on behalf of a "nationwide class of current or former owners or lessees of a 2017 Land Rover Discovery." Compl. ¶ 49. In June 2017 alone, approximately 845 model year 2017 Land Rover Discovery vehicles were sold in the United States.[5] CAFA also requires that any one member of the purported class be a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2). This requirement is also satisfied here. On information and behalf, and as set forth above, Plaintiff is a citizen of the State of Tennessee. The sole member of JLRNA is Jaguar Land Rover Limited, a private limited company incorporated under the laws of England and Wales with its principal place of business in Coventry, United Kingdom. Thus, JLRNA is not a citizen of Tennessee, whereas Plaintiff is. *See id.* ¶ 2, 3, 5.

12. Based upon the foregoing, JLRNA respectfully submits: (i) that this Court has diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1453; and (ii) that the procedural

---

[5] *See* Jaguar Land Rover Reports US Sales for June 2017, https://media.jaguarlandrover.com/en-us/news/2017/07/jaguar-land-rover-reports-us-sales-june-2017 (last visited June 16, 2020).

requirements of 28 U.S.C. § 1446 are met. As such, this action is properly removable to federal court.

WHEREFORE, the above described action now pending against JLRNA in the Chancery Court of Hamilton County, Tennessee is removed to the United States District Court for the Eastern District of Tennessee, Southern Division.

Date: June 17, 2020

                                          CHAMBLISS, BAHNER & STOPHEL, P.C.

                                          By:   *s/ Catherine S. Dorvil*
                                              Catherine S. Dorvil, BPR #034060
                                        Liberty Tower
                                        605 Chestnut Street, Suite 1700
                                        Chattanooga, TN 37450
                                        Tel: 423-757-0240

                                        *Attorneys for Defendant Jaguar Land Rover North America, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing **Notice of Removal** has been electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. The following parties will be served by regular U.S. Mail and email with proper postage applied thereon to ensure prompt delivery:

                          Stephen S. Duggins
                          8052 Standifer Gap Road, Suite B
                          Chattanooga, TN 37421
                          Tel: 423-635-7113
                          Steve@stevedugginslaw.com

                          *Attorney for Plaintiff*

This 17th day of June, 2020.

                                        CHAMBLISS, BAHNER & STOPHEL, P.C.

                                        By:   *s/ Catherine S. Dorvil*